UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>   v.<br><br>Eleven United States Postal Service Money Orders totaling $11,000, and $2,300 in U.S. Currency,<br><br>      Defendants. | Civil Action No.:  1:20-cv-343 (GTS/CFH) |

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America brings this verified complaint for forfeiture *in rem* against the above-captioned assets (the "defendant property") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), 31 U.S.C. § 5317, and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the defendant property as: (a) money furnished or intended to be furnished in exchange for a controlled substance and proceeds traceable to such an exchange, in violation of 21 U.S.C. § 841, and (b) money involved in and traceable to violations of 31 U.S.C. § 5324(a).

### THE PARTIES

2. Plaintiff is the United States of America.

3. The defendant property, which is in the custody of the United States, follows:

  a. United States Postal Service (USPS) money order #26321656465 in the amount of $1,000,

  b. USPS money order #26321654867 in the amount of $1,000,

  c. USPS money order #26321654856 in the amount of $1,000,

  d. USPS money order #26086974636 in the amount of $1,000,

  e. USPS money order #26070205511 in the amount of $1,000,

  f. USPS money order #26070205522 in the amount of $1,000,

  g. USPS money order #26070204958 in the amount of $1,000,

  h. USPS money order #26321656454 in the amount of $1,000,

  i. USPS money order #26321654812 in the amount of $1,000,

  j. USPS money order #26321654823 in the amount of $1,000,

  k. USPS money order #26070204960 in the amount of $1,000, and

  l. $2,300 in U.S. Currency.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395.

## FACTS

7. On November 8, 2019, Karol Peters brought a Federal Express (FedEx) envelope to a FedEx shipping center in Menands, New York. She declared the contents of her package as "literature magazines" valued at $100, and paid $80.50 in cash to send it overnight to California.

8. The package identified the sender as Alexs, Karol Peters with a return address of 92 Livingston Avenue, Albany, New York 12210. That address is a parking lot.

9. The package identified the recipient as Desmond Dyas of 40260 Mayberry Avenue, Apt. 13, Hemet, California 92544, and did not require a signature for delivery. Subsequent investigation has revealed that Dyas has a history of drug-related convictions.

10. FedEx accepted the package for delivery, but given the suspicious circumstances, decided to search it per company policy.

11. The package contained two magazines with the defendant property – *i.e.,* $11,000 in blank money orders and $2,300 in cash – hidden inside. The package also contained receipts for $6,000 worth of *additional* money orders purchased during the same week, from the same post offices, and in the same denominations, as the money orders at issue in this case.

12. The money orders in the seized package were purchased from two post offices in Albany, on November 7, 2019, in six transactions that occurred between 1:04 p.m. and 4:55 p.m. Five of the transactions were for $2,000; one was for $1,000.

13. On information and belief, the money orders were structured into multiple transactions from different post offices in an attempt by the purchaser(s) to evade the requirement in 31 U.S.C. § 5324(a) to provide identification when purchasing money orders from financial institutions, including post offices, in denominations of $3,000 or more.

14. The seized package also contained three receipts that link Peters to other recent instances of structuring financial transactions at post offices in the Capital Region. They establish that, on November 5, 2019, six $1,000 money orders were purchased from a total of three post offices, in Albany, between 1:03 p.m. and 1:36 p.m. Each transaction was for $2,000.

15. FedEx contacted the New York State Police to report the package as suspicious.

16. FedEx subsequently turned over the package to the New York State Police, which in turn hid the package inside of a vehicle. A properly trained drug detection dog positively alerted to the presence of the odor of drugs on the package.

**Story #1:    Peters' Brother Asked Her To Send Him Cash For A Real Estate Transaction**

17. Before FedEx contacted the New York State Police, they called Peters to ask her what was in the package, and she responded "magazines." When FedEx explained that they had searched the package and discovered that it also contained $11,000 in money orders and $2,300 in cash, Peters stated that her brother had asked her to send the money for a real estate transaction.

**Story #2:    Peters Collected Money To Cover Her Uncle's Funeral Expenses**

18. On November 8, 2019, which is the same day that Peters attempted to send the FedEx package, she consented to an interview with the New York State Police. Peters told the troopers that the money orders and cash in the seized package came from a GoFundMe account that her family established to fund the funeral expenses for her great uncle Bernard Thomas. Peters further stated that she, her mother, and her cousin each purchased a few money orders to send to Desmond Dyas, who Peters described as her uncle, so that Dyas could pay for Thomas's funeral.

19. As of the date the package was sent, the GoFundMe account established to fund Bernard Thomas's funeral expenses had only raised $780.

**Story #3:    Peters Said That She Knew The Money Would Be Used For Illegal Purposes**

20. On December 5, 2019, the New York State Police again interviewed Peters. This time, Peters admitted that she had made up the story about sending money to California for funeral expenses, and explained that an individual who she did not know gave her cash and instructed her to buy money orders and send them to Dyas, who she now claimed she did not know. Peters

acknowledged to the troopers that she knew the purpose was illegal, but she refused to disclose more. She also told troopers that, since she did not receive any drugs, they could not arrest her.

**Story #4:     Peters Reverted To The Funeral Story**

21.    On January 3, 2020, law enforcement placed a recorded call to Peters. Peters explained that the defendant property was money that she and her family members had pooled to pay for her great uncle's funeral. She said that she was sending it Dyas, who this time she identified as her cousin. Peters explained that she purchased two or three of the money orders from one or two post offices using money that she had saved from selling wigs. Peters said her family members had purchased the remaining money orders, but she refused to provide their names. When asked why she used 92 Livingston Avenue as her return address, Peters responded "that's where I lived . . . I was staying over there on Livingston with my cousin." When told that 92 Livingston Avenue is a parking lot, she responded "oh, that's just where we park our cars."

22.    Peters, in fact, resided at, received mail at, and had been observed on multiple occasions at 28 Mohawk Street, which is approximately one mile from 92 Livingston Avenue.

23.    Based on the totality of the circumstances, and specifically Peters' changing story on the origin of the defendant property and the drug-dog's alert to the odor of drugs on the seized package, coupled with the investigative agents' training and experience with drug traffickers' use of false return addresses, waiver of recipient-signature requirements, mailing large quantities of cash and blank purchase orders, and structuring money order purchases to avoid providing identification to postal officials, there is reason to believe the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5317.

## CONCLUSION

24. As required by Supplemental Rule G(2)(f), the facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the defendant property constitutes: (a) money furnished or intended to be furnished in exchange for a controlled substance and proceeds traceable to such an exchange in violation of 21 U.S.C. § 841, and (b) money involved in and traceable to violations of 31 U.S.C. § 5324(a).

WHEREFORE, pursuant to Supplemental Rule G, plaintiff the United States of America, respectfully requests that the Court:

    a.    Issue a Warrant of Arrest *In Rem*, in the form submitted with this Complaint;

    b.    Direct any person having any claim to the defendant property to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

    c.    Enter judgment declaring the defendant property to be forfeited and condemned to the use and benefit of the United States; and

    d.    Award such other and further relief to the United States as it deems proper and just.

Dated: March 27, 2020

Respectfully Submitted,

GRANT C. JAQUITH
United States Attorney

By:    */s/ Adam J. Katz*
        Adam J. Katz
        Assistant United States Attorney
        Bar Roll No. 515310

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF RENSSELAER     )

Jamie Levin, being duly sworn, deposes and states:

I am a Postal Inspector with the United States Postal Inspection Service. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 24 day of March, 2020.

_____
Jamie Levin, Postal Inspector
United States Postal Inspection Service

Sworn to and subscribed before me this ____ day of March, 2020.

_____
Jessica Fereday
Notary Public State of New York
No: 01FE6053483
Qualified in Rensselaer County
Commission Expires January 8, 2023

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
Eleven United States Postal Service Money Orders totaling $11,000, and $2,300 in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff: **Albany**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Albany**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Adam J. Katz, Assistant U.S. Attorney (518) 431-0247
United States Attorney's Office, 445 Broadway,
Albany, New York 12207

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
21 USC 881 and 31 U.S.C. § 5317

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 03/27/2020

SIGNATURE OF ATTORNEY OF RECORD: s/Adam J. Katz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT **waived** APPLYING IFP _____ JUDGE **GTS** MAG. JUDGE **CFH**

1:20-cv-343