UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                        1:20-CV-0343
v.                                                      (GTSCFH)

ELEVEN UNITED STATES POSTAL SERVICE
MONEY ORDERS TOTALING $11,000; and $2,300
in U.S. CURRENCY,

                              Defendants.
_____

APPEARANCES:                                OF COUNSEL:

HON. ANTOINETTE T. BACON                      ADAM J. KATZ, ESQ.
Acting U.S. Attorney for the Northern District of New York    Assistant U.S. Attorney
   Counsel for the Government
445 Broadway, Room 218
Albany, NY 12207

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *in rem* civil forfeiture action filed by the United States

("Plaintiff") against Eleven United States Postal Service Money Orders totaling $11,000, and

$2,300 in U.S. Currency (collectively "Defendants"), is Plaintiff's motion for default judgment

and for an entry of an Order of Forfeiture with regard to Defendants.  (Dkt. No. 12.)  For the

reasons stated below, Plaintiff's motion is granted.

## I.      RELEVANT BACKGROUND

### A.      Summary of Plaintiff's Complaint

Generally, Plaintiff's Complaint alleges as follows.  On November 8, 2019, Defendants were turned over to the New York State Police after Federal Express ("FedEx") searched a package based on suspicious circumstances.  (See generally Dkt. No. 1 [Plf.'s Compl.].)  Based on the New York State Police's subsequent investigation, the changing origin story surrounding Defendant, and the drug-dog's alert to the odor of drugs on the seized package, Plaintiff concluded that Defendants were used to further drug transactions.  (*Id.* at ¶ 23.)  More specifically, based on investigative agents' training and experience with drug traffickers' use of false return addresses, waiver of recipient-signature requirements, mailing large quantities of cash and blank purchase orders, and structuring money order purchases to avoid providing identification to postal officials, Plaintiff found that  Defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5317.  (*See generally Id.*)

Based on these factual allegations, Plaintiff seeks to forfeit and condemn Defendants to the use and benefit of the United States pursuant to 21 U.S.C. § 881 and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").  (*Id.* at 1.)  Familiarity with the remaining factual allegations supporting Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

### B.      Summary of Parties' Briefing of Plaintiff's Motion

Generally, in support of its motion, Plaintiff argues that (1) it has taken reasonable steps to attempt to provide actual notice to all potential claimants, (2) no verified claims have been

filed in this action (and the time for any and all potential claims in this action has expired), and (3) on June 11, 2020, the Clerk of Court entered a default judgment with respect to all Defendants.  (Dkt. No. 12, Attach. 1 [Katz Aff.].)

No claimant has filed a response to Plaintiff's motion by the deadline of July 20, 2020, nor has any claimant filed a response as of the date of this Decision and Order.  (*See generally* Docket Sheet.)

## II.   RELEVANT LEGAL STANDARD

### A.   Summary of Civil Forfeiture Standard

"In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA')."  *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014); *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  "Any 'person who asserts an interest' in the res that is the subject of a forfeiture action may 'contest the forfeiture by filing a claim in the court where the action is pending.'"  *Vazquez-Alvarez*, 760 F.3d at 193 (quoting Forfeiture Rule G[5][a][i]).  Standing is a prerequisite to challenge a forfeiture.  *Id.* at 197.  "Filing the claim under rule G(5) confers statutory standing under 18 U.S.C. § 983(a)(4)(A) . . ."  *Conolly*, 694 F. App'x at 13.  A claimant must file a claim within thirty days from the service of the Government's complaint, or thirty days after the final publication of notice.  18 U.S.C. § 983(a)(4)(A).  "A person seeking to challenge [a] forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5)."  *Conolly*, 694 F. App'x at 13 (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 [2d Cir. 1999]).

**B.      Summary of Default Judgment Standard**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2

(quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule."  *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III.   ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff is entitled to default judgment and an Order of Forfeiture for the reasons stated in the affidavit of Plaintiff's counsel. (Dkt. No. 12, Attach. 1.)  To those reasons, the Court adds the following analysis, which is intended to supplement, not supplant, the reasoning of Plaintiff's counsel.

 "In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court.  *Cambio Exacto*, 166 F.3d 522, 526 (2d Cir. 1999).  "To establish statutory standing, a claimant asserting rights in property that has been seized and that is the subject of a forfeiture action *in rem* must file a verified claim within ten days after process has been executed, unless the court grants an extension."  *Id.* (citing Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C([6]).  To establish Article III standing, a claimant must demonstrate (1) an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that can likely be redressed by a favorable decision.  *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015).  "The [claimant] . . . bears the burden 'clearly to allege facts [in his complaint] demonstrating that he is a proper party to invoke judicial resolution of the dispute.'"  *Steinberger v. Lefkowitz*, 634 F. App'x 10, 11 (2d Cir. 2015)

(quoting *Warth v. Seldin*, 422 U.S. 490, 518 [1975]); *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir. 1989). The plaintiff must also show that she has "prudential standing," which includes a "general prohibition on a litigant's raising another person's legal rights." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015). Rather, the plaintiff must have been injured "in a personal and individual way" in order to have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). "'The party invoking federal jurisdiction bears the burden of establishing' prudential and constitutional standing." *Keepers, Inc.*, 807 F.3d at 39.

Here, no claimant has established statutory standing in this action. Because standing is a prerequisite to challenge a forfeiture action, *Vazquez-Alvarez*, 760 F.3d at 193, and no person has even asserted a claim within thirty days of service or thirty days after the publication of notice (Dkt. No. 12, Attach. 1 at ¶ 3), any potential claimants lack statutory standing to claim a right to Defendants. *Conolly*, 694 F. App'x at 13 (citing *Cambio Exacto*, 166 F.3d at 526)..

For all of these reasons, the Court concludes that Plaintiff is entitled to default judgment and an Order of Forfeiture.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 12) is **<u>GRANTED</u>**, and a Final Order of Forfeiture with regard to Defendants shall be issued.

Date:   December 22, 2020
        Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge